# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>MACK INDUSTRIES, LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 17-09308 (CAD)<br>(Jointly Administered) |
| RONALD R. PETERSON, as chapter 7 trustee for MACK INDUSTRIES, LTD. and RONALD R. PETERSON, as chapter 7 trustee for OAK PARK AVENUE REALTY, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>RENEE LEWIS, MATTHEW KESNER AND MATINEE LLC,<br><br>Defendants. | Adv. Proceeding 19-00415 |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **September 17, 2020**, at **10:45 a.m.**, I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the Motion to Dismiss Amended Complaint, a copy of which is attached.

**This motion will be presented and heard telephonically.**  No personal appearance in court is necessary or permitted.  To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC.  You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Zoran Balac
Zoran Balac
BLACKACRE LAW GROUP LLC
77 W. Washington Street, Suite 1124
Chicago, Illinois 60602
Telephone: (312) 809-5000
Facsimile:  (312) 809-5400
Email:  zbalac@blackacrelawyers.com

*Counsel to Renee Lewis, Matthew Kesner and Matinee LLC*

**CERTIFICATE OF SERVICE**

I, Zoran Balac, the undersigned attorney, hereby certify that I served a copy of this notice and the attached motion on each entity shown on the attached service list at the address shown and by the method indicated on the list on August 10, 2020.

/s/ Zoran Balac
Zoran Balac

## **SERVICE LIST**

(SERVICE VIA ECF)

Ariane Holtschlag on behalf of Plaintiff Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries, Ltd.
aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com, gsullivan@ecf.inforuptcy.com, holtschlagar43923@notify.bestcase.com

Ariane Holtschlag on behalf of Plaintiff Ronald R. Peterson, as chapter 7 trustee for Oak Park Avenue Realty, Ltd.
aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com, gsullivan@ecf.inforuptcy.com, holtschlagar43923@notify.bestcase.com

Jeffrey K. Paulsen on behalf of Plaintiff Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries, Ltd.
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com

Jeffrey K. Paulsen on behalf of Plaintiff Ronald R. Peterson, as chapter 7 trustee for Oak Park Avenue Realty, Ltd.
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> MACK INDUSTRIES, LTD., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-09308 (CAD) <br> (Jointly Administered) |
| RONALD R. PETERSON, as chapter 7 trustee for MACK INDUSTRIES, LTD. and RONALD R. PETERSON, as chapter 7 trustee for OAK PARK AVENUE REALTY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> RENEE LEWIS, MATTHEW KESNER AND MATINEE LLC, <br><br> Defendants. | Adv. Proceeding 19-00415 |

## **MOTION TO DISMISS AMENDED COMPLAINT**

Renee Lewis, Matthew Kesner and Matinee LLC, defendants in the above-captioned adversary proceeding ("Defendants"), by and through undersigned counsel, hereby moves to dismiss various portions of the Plaintiffs' *Amended Complaint* (the "Amended Complaint") [D.I. 26], pursuant to 12(b)(6) of the Federal Rules of Civil Procedure (made applicable hereto by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")), and in support of thereof, states as follows:

**BACKGROUND**

1.  In March 2019, Plaintiff Ronald R. Peterson (the "Trustee"), as chapter 7 trustee for Mack Industries, Ltd. ("Mack") and Oak Park Avenue Realty, Ltd. ("OPA") filed over 400 nearly identical adversary proceedings in the above-captioned bankruptcy cases, including this one, (collectively, the "Avoidance Actions"), seeking to avoid various transfers allegedly made by Mack or OPA on the grounds that they were preferential under 11 U.S.C. § 547 or are otherwise avoidable as fraudulent transfers under 11 U.S.C. § 548 and/or 740 ILCS 160/5.

2.  However, in his haste to file all of the Avoidance Actions prior to the limitations deadline set by section 546 of the Bankruptcy Code, the various complaints filed by the Trustee failed to include sufficient factual detail to meet the minimum pleading requirements of FRCP 8(a) and 9(b) for preference or fraudulent transfer claims. This, despite having Mack and OPA's books and records for nearly two years, as well as the assistance of court-approved forensic accountants and financial advisors (who so far have been paid over half a million dollars in professional compensation [Bankr. D.I. 583, 1077]).

3.  Several motions to dismiss pointing out these deficiencies were filed in the Avoidance Actions. One such motion, filed in Case No. 19-ap-00433 (the "McLean Case"), was taken up by the Court, and after due consideration, the Court granted the motion and dismissed the original complaint in that case. In an accompanying memorandum [McLean Case, D.I. 29] (the "Dismissal Memo"), the Court outlined all the various factual deficiencies that required dismissal of the Trustee's fraudulent transfer claims. (Dismissal Memo pp. 8–13.) In addition, the Court noted that the Trustee's preference claim failed, among other reasons, because it gave no detail about any antecedent debt. (Id. at 6.)

4. Thereafter, the above-captioned Defendant moved to dismiss the initial complaint in this case (the "Original Complaint") based on the same reasoning set forth in the Dismissal Memo. The Original Complaint was dismissed with leave to amend. [D.I. 25].

5. Although the Amended Complaint now contains significantly more factual detail regarding the alleged transfers in the Original Complaint (based on the same books and records the Trustee has had all along), dismissal under Rule 12(b)(6) is still warranted because the Amended Complaint alleges new claims that were not part of the Original Complaint and are time-barred under 11 U.S.C. § 546.

## ARGUMENT

**I. ANY CLAIM BASED ON NEW TRANSFERS THAT WERE NOT SPECIFICALLY ALLEGED IN THE ORIGINAL COMPLAINT SHOULD BE DISMISSED FROM THE AMENDED COMPLAINT AS TIME-BARRED UNDER 11 U.S.C. § 546(a).**

A district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Section 546(a) of the Bankruptcy Code prohibits a Trustee from filing actions under §§ 544, 545, 547, 548, and 550 after the earlier of (1) the later of (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702; or (2) the time the case is closed. 11 U.S.C. § 546(a). In this case, the Amended Complaint was filed more than two years after either order of relief filed in both the Mack and OPA bankruptcy cases. Finally, courts have consistently held that each individually alleged preferential or fraudulent transfer constitutes a separate transaction or occurrence that must be timely pleaded. *In re Gerardo Leasing, Inc.*, 173 B.R. 379, 389 (Bankr. N.D. Ill. 1994).

Exhibit 1 to the Original Complaint identifies 10 individual transfers that are allegedly avoidable as preferences or fraudulent transfers. None of those are repleaded in the Amended

Complaint as allegedly fraudulent transfers detailed in Exhibit 1 of the Amended Complaint. Instead, the Trustee has now added 44 brand new allegedly fraudulent transfers (totaling $81,945.38). These new claims are being raised more than a year after the statute of limitations expired.

Therefore, the Court should dismiss with prejudice all alleged transfers added to the Amended Complaint that were not part of the Original Complaint as time-barred under 11 U.S.C. § 546(a).

WHEREFORE, for the reasons stated above, Defendant respectfully requests that this Court enter an order dismissing the entire Amended Complaint with prejudice.

Dated: August 10, 2020                          Respectfully submitted,


                              By: /s/ Zoran Balac
                                  Zoran Balac
                                  BLACKACRE LAW GROUP LLC
                                  77 W. Washington Street, Suite 1124
                                  Chicago, Illinois 60602
                                  Telephone: (312) 809-5000
                                  Facsimile: (312) 809-5400
                                  Email: zbalac@blackacrelawyers.com

                                  *Counsel to Renee Lewis, Matthew Kesner and Matinee LLC*